NO. 12-08-00454-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BOBBY
JOHNSON,                                          §                 APPEAL FROM
THE SECOND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Bobby Johnson appeals his conviction for aggravated
assault of a public servant with a deadly weapon.  In two issues, Appellant
argues that the evidence is legally and factually insufficient to support the
jury’s verdict because no witness identified him as the person who committed
the assault.  We affirm.

 

Background

Appellant, an inmate in the Hodge Unit of the Texas Department of
Criminal Justice, fashioned a homemade knife out of a disposable razor.  He
then attacked correctional officer Helen Mayfield by coming behind her and
scraping the homemade knife down her neck.  Mayfield suffered a superficial laceration
to her neck from the incident.  Several correctional officers then subdued
Appellant.

A Cherokee County grand jury indicted Appellant for the offenses
of aggravated assault of a public servant with a deadly weapon and possession
of a deadly weapon in a penal institution.  At trial, the State proceeded only
on the aggravated assault of a public servant with a deadly weapon charge.
Appellant pleaded not guilty.  The jury found Appellant guilty as charged and
assessed punishment at imprisonment for thirty-seven years.  The trial court imposed
that sentence, and this appeal followed.

 

Sufficiency of the Evidence

In two issues, Appellant contends that the evidence is legally and
factually insufficient to support his conviction.  Specifically, Appellant argues
that no witness identified him as the person who committed the assault.

Standard of Review

            The due process guarantee of the
Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); Ross v.
State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v.
State, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d). 
Evidence is not legally sufficient if, when viewing the evidence in a light
most favorable to the verdict, we conclude that no rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            We
review the factual sufficiency of the evidence without the light most favorable
to the verdict, and we determine whether, considering all the evidence in a
neutral light, (1) the evidence supporting the conviction is too weak to
withstand scrutiny, so the fact finder’s determination is clearly wrong and
manifestly unjust, or (2) the great weight and preponderance of the evidence
contradicts the jury’s verdict to the extent that the verdict is clearly wrong
and manifestly unjust.  See Grotti v. State, 273 S.W.3d 273, 283 (Tex.
Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414-15,
417 (Tex. Crim. App. 2006).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Grotti, 272 S.W.3d at 283.  A clearly wrong and
manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.”  Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996).

            Under
either standard, our role is that of appellate review, and the fact finder is
the judge of the weight and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000).  The
fact finder may choose to believe all, some, or none of a witness’s testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Thus,
the fact finder determines the weight to be given testimony and resolves any
conflicts in the evidence.  Wesbrook, 29 S.W.3d at 111.  With
respect to our factual sufficiency review, we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict.  See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996).  But our evaluation should not substantially intrude upon the jury’s
role as the judge of the weight and credibility of witness testimony.  Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 

            As
relevant here, the State was required to prove that 1) Appellant intentionally,
knowingly, or recklessly caused bodily injury to Mayfield, 2) Appellant knew
that Mayfield was a public servant, 3) Mayfield was lawfully discharging an
official duty at the time of the assault, and 4) Appellant used or exhibited a
deadly weapon during the commission of the assault.  See Tex. Penal Code Ann. §§ 22.01(a)(1),
22.02(a), (b)(2)(B) (Vernon Supp. 2009).

Analysis

            Appellant
argues that the evidence is legally and factually insufficient to show that he
is the person who assaulted the correctional officer with a knife.  The State
contends that Appellant has failed to preserve this argument because he did not
raise this issue in a motion for directed verdict or in his motion for new
trial.  See Tex. R. App. P. 33.1; Miller v.
State, 667 S.W.2d 773, 774 (Tex. Crim. App. 1984).

            The State must prove, beyond a reasonable
doubt, that the defendant on trial is the person who committed the offense alleged
in the indictment or information.  See Miller, 667 S.W.2d at 775.  The Miller decision does not require
that the issue of identity be raised in any way other than a plea of “not
guilty.”  See also Lee
v. State,
No. 12-05-00359-CR, 2007 Tex. App. LEXIS 977, at *22 (Tex. App.–Tyler Feb. 9, 2007,
no pet.) (mem. op., not designated for publication).  Instead, Miller
stands for the proposition that there must be an objection
when the in-court identification is imprecise enough that the witnesses may be
identifying someone other than the defendant.  See Miller, 667 S.W.2d at 775–76 (citing Rohlfing v. State,
612 S.W.2d 598, 601 (Tex. Crim. App. 1981)).  Appellant did not
object to the procedure used to identify him in court.  Therefore, to the
extent that Appellant is arguing that some other person in the courtroom was
identified as the perpetrator, his failure to object to the procedure means
that this complaint is not preserved for our review.  

With respect to the
remainder of Appellant’s argument, we hold that there was sufficient evidence
for the jury to conclude that Appellant committed the offense.  Identity may be proven by direct
or circumstantial evidence.  Wiggins v. State, 255 S.W.3d 766,
771 (Tex. App.–Texarkana 2008, no pet.).  While direct in-court identification
is the preferred procedure, that type of identification is not required where
the circumstances do not indicate the likelihood of confusion.  Id. 
A defendant has been sufficiently identified if we can conclude “from a
totality of the circumstances [that] the jury was adequately apprised that the
witnesses were referring to appellant.”  Id.  Where an in-court
identification is incomplete, we need not presume that the jury chose
“willfully to convict [Appellant] without evidence” that Appellant was the
perpetrator of the offense.  Rohlfing, 612 S.W.2d at 601.

            Several
witnesses identified Appellant as the person who assaulted Mayfield.  Timothy
Bledsoe, another inmate in the Hodge Unit, testified that his cell was next to
Appellant’s.  He identified “inmate Bobby” as wearing tan pants, and the trial
court acknowledged that Bledsoe had identified Appellant.  Responding to the
prosecutor’s questioning, Bledsoe then testified that he observed “Johnson”
assault Mayfield.  Appellant argues that “inmate Bobby” and “Johnson” are two
different people.  However, a reading of all of Bledsoe’s testimony makes clear
that the references are to the same person.  First, the two references, one to “inmate
Bobby” and the other to “Johnson,” came one right after the other––they are
recorded on the same page of the record.  Contextually, and with no transitions
between the questions being asked, it is not difficult to discern that the
witness was talking about the same person.  

Later in his testimony, Bledsoe
is more specific when he references a statement that he gave where he said, “Bobby
came out of J-112 and went up to her.”  He then testified that another inmate
was chasing “Bobby” around in the dayroom where the attack occurred.  Finally,
Bledsoe testified that “Bobby Johnson stated—throwing cosmetic up under my door
for his cell and I asked him if he was going on change and he said something is
going down.  I’m going to take care of some business.”  Officer John Riggle, a
criminal investigator for the Office of the Inspector General, later testified
that Bobby Johnson was in cell 112.

Additionally, correctional officer
Delanger Foreman testified that the person who attacked Mayfield was in the
court room and was wearing tan khaki pants and striped shirt.  The State did
not ask the trial court to acknowledge that Foreman identified Appellant. 
Similarly, Mayfield identified her attacker as wearing a brown shirt and khaki
pants.[1]  Again, the
State did not ask the trial court to acknowledge that Mayfield identified
Appellant.  Finally, in her closing statement, Appellant’s counsel conceded that
it had not been disputed that “Bobby Johnson came up and nicked her on the
neck.” 

Based on our review of the record,
we conclude that the jury could have determined beyond a reasonable doubt that
Appellant was the person who committed the aggravated assault on a public
servant, Mayfield, with a deadly weapon as charged in the indictment.  Numerous
witnesses identified him as the perpetrator, and a reasonable reading of the
record leads to the conclusion that the witnesses were referring to Appellant
in their testimony about the assault on Mayfield.  Thus, we hold that the
evidence is legally sufficient to support the verdict.  See Willis,
192 S.W.3d at 592.  We overrule Appellant’s first issue.

            As
to Appellant’s factual sufficiency challenge, we hold that, when viewing the
evidence in a neutral light, the verdict is neither clearly wrong nor is it
against the great weight and preponderance of the evidence.  Appellant takes
issue with each of the witnesses who testified that “Bobby Johnson” or “Bobby”
assaulted Mayfield.  He further argues that each of the identifications in
court was faulty or lacking.  

We agree that the identification procedure
employed by the State in this case could have been better executed.  In our
review of the factual sufficiency of the evidence, however, we look at the
totality of the evidence.  Furthermore, in cases with issues relating to the
in-court identification of a defendant, we do not assume that the jury chose to
convict a defendant when another person was identified as the perpetrator.  See
Rohlfing, 612 S.W.2d at 601.

After reviewing all of the
evidence, including the multiple in-court identifications coupled with the
testimony from several witnesses that “Bobby” was the one who assaulted
Mayfield, we conclude that the jury’s determination that Appellant was the perpetrator
of the assault is supported by the record.  There was not another individual
identified by any witness, and the descriptions and identifications of each witness,
when viewed in context and together, lead to the conclusion that it was
Appellant who was identified as the perpetrator.  Despite the shortfalls
identified by Appellant, the jury’s conclusion is not too weak to withstand
scrutiny nor is it outweighed by contrary evidence.  In fact, there was no
evidence contradicting the central thrust of the State’s evidence, that being
that Appellant committed this offense, and the jury’s conclusion is neither
clearly wrong nor does it represent a manifest injustice.  We hold that the
evidence is factually sufficient to support the verdict, and we overrule
Appellant’s second issue.   

 

Disposition

Having overruled Appellant’s first and second issues, we affirm
the judgment of the trial court. 

 

                                                                                                Brian Hoyle

                                                                                                  
   Justice

 

 

 

 

Opinion delivered February 17,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                        [1] Mayfield’s description of the
clothing worn by Appellant is slightly different from the description given by
Foreman.  Because they testified on different days, their varying descriptions
of Appellant’s clothes do not suggest that they identified different
individuals.